FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 2 3 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PERCIDES VASQUEZ SANCHEZ,

          Petitioner,

-against-

UNITED STATES OF AMERICA,

          Respondent.
----------------------------------------------------------X

**ORDER**

**11-CV-4455 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Percides Vasquez Sanchez petitions the court for a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). Coram nobis is not available to petitioners who are in custody. See United States v. Johnson, 237 F.3d 405, 755 (6th Cir. 2001). This is true even where habeas relief is no longer available to the petitioner. See 3 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 624 & n.16 (2011) (citing Godoski v. United States, 304 F.3d 761, (7th Cir. 2002); United States v. Baptist, 223 F.3d 188, 189-190 (3d Cir. 2000); United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000)). Were it otherwise, coram nobis would provide an obvious end run around the time limits controlling petitions brought under 28 U.S.C. §§ 2254 and 2255.

The Prison Litigation Reform Act ("PLRA") requires the court to review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity," and dismiss the complaint sua sponte if it is "frivolous" or "fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a)-(b). Courts in this district have applied these provisions to petitions for habeas corpus and other prisoner submissions seeking relief. See Zuniga v. Sposato, No. 11-CV-1045, 2011 WL 1336396, at *1-*2 (E.D.N.Y

Apr. 7, 2011); Heyward v. Lindsay, No. 08-CV-336, 2008 WL 413783, at *2-*3 (E.D.N.Y. Feb. 13, 2008). The court finds that the instant petition is sufficiently similar to a "complaint" within the meaning of the PLRA as to merit review under § 1915A(a). As noted above, the petition is frivolous, and the court accordingly dismisses it.[1]

SO ORDERED.

Dated: Brooklyn, New York
      September 22, 2011

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Even if the court were to liberally construe Vasquez Sanchez's petition as brought under 28 U.S.C. § 2255 rather than the All Writs Act, the court still would be compelled to dismiss it under § 1915A(b) because Vasquez Sanchez concedes that such a petition would be untimely. (See Pet'rs Pet. for Writ of Coram Nobis 2 (Docket Entry # 1).)